IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL HALL, IDOC # B40832,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-766-GPM |
| | ) |
| **RICHARD D. PAUTLER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

  Plaintiff Michael Hall, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of eighteen years' imprisonment at the Menard Correctional Center ("Menard") for armed home invasion, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of Hall's constitutional rights by persons acting under color of state law. At this time Hall's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

In Hall's pro se complaint Hall alleges that on at least eleven occasions he has been assessed charges to his prison trust fund account for postage, including legal postage, disbursed to him by the IDOC in connection with mail that Hall contends never reached its destination.[1] The specific incidents at issue appear to be: May 29, 2009, when Hall was assessed a charge of $3.80 for legal postage; July 16, 2009, when Hall was assessed a charge of $5.20 for postage; August 31, 2009,

---

1.  IDOC regulations provide, in relevant part,

    > [Prisoners] with insufficient money in their trust fund accounts to purchase postage shall be permitted to send reasonable amounts of legal mail and mail to clerks of any court or the Illinois Court of Claims, to certified court reporters, to the Administrative Review Board, and to the Prisoner Review Board at State expense if they attach signed money vouchers authorizing deductions of future funds to cover the cost of the postage. The [prisoner's] trust fund account shall be restricted for the cost of such postage until paid or the [prisoner] is released or discharged, whichever is soonest.

    Ill. Admin. Code tit. 20, § 525.130(a).

when Hall was assessed a charge of $4.95 for legal postage; October 14, 2009, when Hall was assessed a charge of $3.41 for postage; October 15, 2009, when Hall was assessed a charge of $3.41 for postage; October 23, 2009, when Hall was assessed a charge of $0.44 for legal postage; November 30, 2009, when Hall was assessed a charge of $4.02 for postage; and March 10, 2010, when Hall was assessed a charge of $3.41 for postage and a charge of $0.44 for legal postage. *See* Doc. 1 at 10, 12, 13. Hall also alleges that he was improperly assessed postage charges on December 17, 2008, and August 10, 2010, in unspecified amounts. *See id*. at 7. Hall calls these incidents "embezzlement" from his prison trust fund account and claims that they constitute violations of the Fourteenth Amendment. Named as Defendants are Richard D. Pautler, the business administrator at Menard, and the Trust Fund Staff at Menard. Hall seeks damages of $50,000.

To the extent that Hall is attempting to pursue a civil remedy pursuant to 18 U.S.C. § 1708, which criminalizes the theft of mail and the receipt of stolen mail, the statute in question neither creates a private right of action nor applies to prison officials handling prisoner mail. *See Weatherspoon v. Ferguson*, No. 09-60964, 2010 WL 4068762, at *2 (5th Cir. Sept. 24, 2010) (citing *Adams v. Ellis*, 197 F.2d 483, 484-85 (5th Cir. 1952)); *Seaphus v. Lilly*, 691 F. Supp. 127, 134-35 (N.D. Ill. 1988). Interference with a prisoner's legal mail by prison officials can implicate the prisoner's First Amendment right of access to the courts. *See Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). However, a prisoner claiming that prison officials interfered with the right of access to the courts must set out in a complaint the following: "the identification of the underlying claim that was lost; a description of the 'official acts frustrating the litigation'; and the

identification of a 'remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought.'" *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Here Hall does not allege that he lost a claim due to interference with his right of access to the courts, nor does he seek a remedy that is otherwise unavailable. Therefore, Hall's complaint cannot be read as stating a claim for interference with Hall's right of access to the courts.

As to Hall's claim of a deprivation of property without due process, in violation of the Fourteenth Amendment, it well settled that there is no loss of property without due process of law if a state provides an adequate post-deprivation remedy for a random and unauthorized deprivation of property by a state employee. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir. 2007) (quoting *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)); *Easter House v. Felder*, 910 F.2d 1387, 1396 (7th Cir. 1990). Here Hall has an adequate post-deprivation remedy for the random and unauthorized deprivations of property by state employees alleged in his complaint in the form of an action for damages in the Illinois Court of Claims. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citing 705 ILCS 505/8); *Stewart v. McGinnis*, 5 F.3d 1031, 1035-36 (7th Cir. 1993). Therefore, Hall's due process claim fails. As to Hall's claim that he has been subjected to an unlawful taking of property without just compensation in the form of a loss of the interest on the sums Hall alleges have been unlawfully deducted from his prison trust fund account for postage, in violation of Hall's rights under the Fifth Amendment and Fourteenth Amendment, this claim too is meritless. The Fifth Amendment prohibits the taking of private property for public use without just compensation, and this requirement is binding on the states through incorporation into the Fourteenth Amendment. *See Barbian v. Panagis*, 694 F.2d 476, 482

& n.4 (7th Cir. 1982) (citing *Penn Cent. Transp. Co. v. City of N.Y.*, 438 U.S. 104, 122 (1978)). In order to show an unlawful taking of property, a person first must show that state law creates a property interest that is recognized by the Constitution. *See Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005); *Daniels v. Area Plan Comm'n of Allen County*, 306 F.3d 445, 459 (7th Cir. 2002). This Court specifically has held that prisoners in IDOC custody have no constitutionally protected property interest in the interest that accrues on their prison trust fund accounts because Illinois law does not confer such a property interest on IDOC prisoners. *See Harris v. Randle*, Civil No. 10-732-GPM, 2011 WL 132859, at **3-4 (S.D. Ill. Jan. 16, 2011); *Evans v. Randle*, Civil No. 10-682-GPM, 2011 WL 132599, at **3-4 (S.D. Ill. Jan. 15, 2011).

As a last matter, Hall alleges vaguely that the actions of Pautler and the Trust Fund Staff at Menard that are charged in the complaint were prompted by a retaliatory motive. In general, a prisoner has a right under the First Amendment to challenge the conditions of his or her confinement by, for example, filing grievances and lawsuits, and it is unlawful for prison officials to retaliate against a prisoner for exercising this right. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). Generally, "[i]n order to establish that a defendant retaliated against a plaintiff because of a protected constitutional right, a plaintiff must demonstrate that the defendant knew of . . . the plaintiff's constitutional activities." *Stagman v. Ryan*, 176 F.3d 986, 999 (7th Cir. 1999). Accordingly, where there is no proof that a decision-maker responsible for an adverse action against a plaintiff was aware of any protected activity on the plaintiff's part, a retaliation claim must fail. *See, e.g., Cusson-Cobb v. O'Lessker*, 953 F.2d 1079, 1081-82 (7th Cir. 1992) (affirming the dismissal of a claim by a former employee of a state utility commission that the new chairman of the commission discharged her because of her political

affiliation, where the former employee produced no evidence that the chairman was aware of her political affiliation). Here it is not clear to the Court how Pautler and the Trust Fund Staff, whose work is concerned solely with managing financial matters at Menard, could have had any knowledge of complaints by Hall about the conditions of his confinement or how Pautler and the Trust Fund Staff could have exercised control over the matter of whether Hall's mail reached its destination or not, and Hall's complaint does not elucidate these points. Too, retaliation only rises to the level of a First Amendment violation if the retaliatory conduct at issue "would 'deter a person of ordinary firmness' from exercising First Amendment [rights] in the future." *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). As the Court is aware from the many lawsuits Hall has filed in this tribunal, Hall is a prolific author of grievances and lawsuits challenging the conditions of his confinement, and there is no reason for the Court to infer that Hall's litigious zeal has been chilled by any retaliatory activity on the part of prison officials at Menard.

      Finally, it is undisputed that Hall in fact did borrow sums from the IDOC for postage, and therefore it was proper for Menard officials to charge these sums to Hall's prison trust fund account, regardless of whether Hall's mail reached its destination or not. It is true, of course, that "[a]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] § 1983 even if the act, when taken for a different reason, would have been proper." *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). *See also Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000) (holding that a prisoner stated a claim for retaliation where he alleged that limitations on his access to the prison library were retaliatory, because "otherwise permissible conduct can become impermissible when done for retaliatory reasons."). Here, however, Pautler and the Trust

Fund Staff at Menard had a clear legal right to take the action they did, that is, to require Hall to repay sums advanced to him by the IDOC for postage, and Hall has no claim against Menard officials for retaliation.  "[A]lthough prisoners have a right of access to the courts, they do not have a right to unlimited free postage.  Prison authorities are able to make 'a reasonable attempt to balance the right of prisoners to use the mails with prison budgetary considerations.'"  *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1985) (quoting *Bach v. Coughlin*, 508 F.2d 303, 307-08 (7th Cir. 1974)).  *See also Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003) ("Although prisoners enjoy a fundamental right of access to the courts, there is no right of *subsidized* access.") (citation omitted) (emphasis in original); *Campbell v. Miller*, 787 F.2d 217, 227-28 (7th Cir. 1986) (notwithstanding prisoners' right of access to the courts, for budgetary and security reasons prison officials may restrict the amount of free written material a prisoner can receive or keep in his or her cell); *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) (a prisoner's right of access to the courts does not create a constitutional "right to xerox," that is, a right to unlimited free photocopies at state expense).  Hall's constitutional claims will be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Hall's complaint fails to state a claim upon which relief may be granted.  Therefore, this action is **DISMISSED with prejudice**.  Hall is advised that the dismissal of this case will count as a "strike" under 28 U.S.C. § 1915(g).  The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  February 12, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge